By the Court.
Oakley, Ch. J.
This case comes before us, upon an appeal from a judgment rendered at special term. The case was heard upon the pleadings alone, and judgment was rendered for the defendant.
The plaintiff was the owner of a house and lot situated on the south side of Fourth-street, between the First and Second aven ues, upon which the taxes for the years 1835, ’36, and ’38, had not been paid. On the 1st day of October, 1840, the premises were sold by the corporation, for the unpaid taxes, and at the sale *367 were purchased by the defendant, for the term of one hundred years. On the 12th of October, 1844, the defendant served upon the plaintiff, a notice, pursuant to the act of 1841, that the premises in question had been sold and conveyed to him for the term of one hundred years, and that if plaintiff did not redeem them within six months, the lease would become absolute, &c. Before the actual execution of the lease, and on 21st April following the notice, the plaintiff paid- into the office of the city comptroller the amount of the sale, interest, and charges, which sum was afterwards returned by that officer, and the plaintiff was at the same time informed, that the time of redemption had expired previous to its payment. A written notice to the same effect was also served upon him by the defendant, and that in consequence the lease had become absolute.
The notices given were untrue in point of fact, as no lease had been executed. It was the custom, however, in the comptroller’s office, to consider the lease as executed, when the time for redemption had expired, and the notices seem to have been given in good faith, and without any intention of deceiving the plaintiff.
Upon this state of facts as represented to him, the plaintiff entered into negotiations with the defendant, which resulted in an arrangement by which the defendant agreed to, and did assign the lease in question to the plaintiff, for the consideration of $1800. The assignment contained a covenant that the premises were free and clear of and from all manner of assessments and incumbrances. After the payment of the money, the plaintiff discovered, that in point of fact the premises had not been conveyed to the defendant as stated in his notice of the 12th October, and that in consequence of a defect in the publication of the necessary notice, the time of redemption had not expired, when he paid the amount into the comptroller’s office; and that the lease was not executed and delivered until July, 1845.
The plaintiff claims to be entitled to recover the amount paid by him to the defendant, as having been paid under a mistake of facts, or a misrepresentation on the part of the defendant.
There is no proof of fraud on the part of the defendant. He *368 seems to have acted in good faith, and in ignorance of the fact that the time for redemption had not expired.
The judge, before whom the case was heard at special term, held, that the plaintiff could not recover, mainly, on the ground that he had the same means of knowledge as the defendant, and that a party cannot recover back money voluntarily paid, on the ground of mistake, if he knew, or had full means of knowledge of the facts with the other party.
Without adverting particularly to the ground of this decision, there is a feature in- this case, which renders the decision still more solid. It will be observed, that the assignment of this lease contains a covenant, by which the defendant may be made liable to respond to the plaintiff. The plaintiff has parted with the lease, and conveyed the property to a third person, in whom this covenant is now vested. The rule of law is well settled, that where a contract is entered into, and money paid, to allow a party to recover the money back, he must rescind the contract ; and the contract cannot be rescinded where the parties cannot be restored to their original rights and position. Here, as the plaintiff has parted with the lease and covenant, the defendant cannot, in this suit, be absolved from the liability he thereby assumed. The contract cannot therefore be rescinded ; and hence the defendant cannot be made to refund to the plaintiff the consideration received upon the assignment of the ■lease.
The judgment at special term must be affirmed.